ENGLAND, Justice
(dissenting).
I agree with the majority determination that funeral expenses are not a part of “compensation for death” under Section 440.49(4) (d), Florida Statutes. I further agree that an employer’s reimbursement should not be determined by a deduction of disability compensation from death benefits. I do not agree, however, that death benefits payable under this section should be computed as a percentage of the maximum death benefits payable under the act. The language of the statute provides no clear formula for a particular result, but the policies of the act are, I believe, better *908 served by computing reimbursement by reference to benefits actually paid.
The majority has held that the employer is obligated to pay an amount which is computed by multiplying the percentage attributable to the last accident against the maximum death compensation provided by law. In this case, the last accident percentage was 60%, so that the employer would be obligated to pay $9,000 (based on the $15,000 maximum then in effect) before receiving any reimbursement from the special disability trust fund. Having settled the death claim for less than that sum, the employer will receive no reimbursement despite the undisputed evidence that decedent was hired with a known pre-existing disability which in part caused his death. This result in my view, will either discourage future hirings of disabled persons or eliminate much of the incentive which now exists to settle claims for less than the maximum.
Settlement is only feasible, in my view, so long as the parties analyze their positions without reference to a minimum employer obligation. No such minimum obligation exists if the last accident percentage is applied against the amount actually paid. It does exist when the percentage is applied against the statutory maximum. In this case, for example, neither the employee nor employer would have any incentive to settle for $9,000, or any higher sum less than $15,000, because the fund will pay the entire excess up to $15,000 but the employer cannot reduce his minimum $9,000 obligation. Where the last accident percentage is a smaller percentage, the dollar level of settlement potential diminishes.
In contrast, settlements are encouraged by using the amount actually paid. Each party knows that the employer can save, and the fund will only pay, specific proportions of any amount they may agree upon. Whether the last accident percentage is 20% or 80%, the proportions of employer-savings and fund payment remain constant.
For this reason, I would conclude that the purposes of the act are best fulfilled by applying the last accident percentage in death cases against the amount actually paid by the employer, up to the maximum allowed by law.